

SHEARMAN & STERLING LLP
Brian H. Polovoy
Henry Weisburg
Paula Howell
599 Lexington Avenue
New York, NY 10022-6069
Telephone: (212) 848-4000
Facsimile: (212) 848-7179
hweisburg@shearman.com

Attorneys for Respondent
GTI S.A.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------x
                                                       :
MatlinPatterson Global Opportunities Partners          :
II L.P., MatlinPatterson Global Opportunities          :
Partners (Cayman) II L.P., and Volo Logistics          :
LLC,                                                   :
                                                       :
                        Petitioners,                   :
                                                       :
            v.                                         :    No. 08 CV _____
                                                       :
GTI S.A. and The ICC International Court of            :
Arbitration of the International Chamber of            :
Commerce,                                              :
                                                       :
                        Respondents.                   :
                                                       :
-------------------------------------------------------x
```

## NOTICE OF REMOVAL

Pursuant to Section 205 of Title 9 and Sections 1332, 1441, and 1446 of Title 28 of the

United States Code, respondent GTI S.A. ("GTI") hereby removes the action styled

<u>MatlinPatterson Global Opportunities Partners II L.P., et al. v. GTI S.A., et al.</u>, Index No.

601164/08, which was filed on April 18, 2008, and is presently pending in the Supreme Court of the State of New York, County of New York.

1.     Section 205 of the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 205, provides for the removal of cases from state courts where the subject matter of the state action "relates to an arbitration agreement" under the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards of 1958 (the "New York Convention"). The subject matter of the action in New York state court is the sale of VRG Linhas Aéreas S.A., a Brazilian passenger airline, which is governed by an arbitration clause in the purchase agreement—the Agreement for Purchase and Sale of the Share Control of VRG Linhas Aéreas S.A. and Other Covenants among Varig Logística S.A., Volo do Brasil S.A., and GTI S.A., dated March 28, 2007 (the "Agreement"). Accordingly, GTI removes the state court action to this Court.

2.     Alternatively, Section 1441 of Title 28 of the United States Code provides for the removal of controversies from state courts over which the "district courts of the United States have original Jurisdiction." 28 U.S.C. § 1441. Section 1332 of Title 28 of the United States Code grants federal district courts original jurisdiction over all civil actions between "citizens of a State and citizens or subjects of a foreign state," where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(2). Therefore, as set forth below, GTI removes the state-court action to this Court on the ground of diversity jurisdiction to the extent that no partners or members of the petitioners are citizens or subjects of a foreign state.

I.     **Summary of Proceedings**

3.     On April 18, 2008, MatlinPatterson Global Opportunities Partners II L.P., MatlinPatterson Global Opportunities Partners (Cayman) II L.P., and Volo Logistics LLC (collectively, "MP Funds") commenced this action by filing a petition to stay arbitration pursuant to Article 75 of the New York Civil Practice Law and Rules (the "Petition") in the Supreme Court of the State of New York, County of New York. That same day, MP Funds submitted to the court a proposed order to show cause, which was later withdrawn without prejudice pursuant to an order by the Honorable Richard Braun, entered on April 23, 2008. A true and correct copy

of the Petition and the order approving the withdrawal of the proposed order to show cause is attached hereto as Exhibits A and B, respectively.

4.    On May 9, 2008, MP Funds delivered to Shearman & Sterling LLP ("Shearman & Sterling") a Notice of Petition and a notice of motion for a preliminary injunction, which are returnable in the New York state court on May 30, 2008. A true and correct copy of the Notice of Petition and the notice of motion for a preliminary injunction is attached hereto as Exhibits C and D, respectively. MP Funds have not served GTI with the Notice of Petition, the Petition, or their notice of motion for a preliminary injunction.

5.    The Petition seeks to stay a Brazilian arbitration that GTI commenced in 2007 against Varig Logística S.A., Volo do Brasil S.A., and MP Funds in the International Court of Arbitration of the International Chamber of Commerce ("ICC"), a respondent in this action. (Petition ¶¶ 4, 41.) The arbitration arose from a dispute over the post-closing price adjustment. (Petition ¶¶ 19–20.) MP Funds claims that it should not be required to proceed further in the arbitration because it was not a signatory to the Agreement. (Petition ¶¶ 18, 24, 28, 32, 39.) In the arbitration, GTI seeks to hold MP Funds responsible for the price-adjustment obligation on multiple grounds, which include piercing the corporate veil between the signatories to the Agreement and MP Funds (see Petition ¶ 29), who control the signatories.

6.    This notice of removal is timely, because Section 205 of the FAA permits a defendant to remove the state court action "at any time before the trial thereof." 9 U.S.C. § 205. Additionally, Section 1446 of Title 28 of the United States Code allows for removal within thirty days of service of the initial pleading on the defendants. See 28 U.S.C. § 1446(b). As noted supra, ¶ 4, MP Funds have not served GTI.

**II.    Grounds for Removal and Jurisdiction under the Federal Arbitration Act**

7.    The arbitration clause contained at Clause 14 of the Agreement is a foreign arbitration agreement within the meaning of Section 202 of the FAA, 9 U.S.C. § 202, and accordingly falls within the New York Convention.

8.      Section 203 of the FAA grants federal district courts original jurisdiction over controversies arising under the New York Convention. 9 U.S.C. § 203.

9.      Section 205 of the FAA, which relates to removal, provides in relevant part:

Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the [New York] Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending. The procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal.

9 U.S.C. § 205.

10.     The United States Court of Appeals for the Second Circuit recognizes four requirements for removal under Section 205 of the FAA: "(1) there must be a written agreement; (2) it must provide for arbitration in the territory of a signatory of the [New York C]onvention; (3) the subject matter must be commercial; and (4) it cannot be entirely domestic in scope." Credit Suisse First Boston, LLC v. Padilla, 326 F. Supp. 2d 508, 511 (S.D.N.Y. 2004) (citing Smith/Enron Cogeneration Ltd. P'ship, Inc. v. Smith Cogeneration Int'l, Inc., 198 F.3d 88, 92 (2d Cir. 1999)). This action satisfies all four requirements: the arbitration is proceeding pursuant to a written arbitration agreement; the Agreement provides for arbitration in Brazil, a signatory to the New York Convention; the subject matter is plainly commercial; the arbitration relates to a foreign dispute arising out of the sale of a Brazilian airline; and the subject matter is clearly not "entirely domestic in scope."

11.     The fact that MP Funds is not a signatory to the Agreement does not affect GTI's right to remove this action. The Second Circuit has held that a district court can exercise subject-matter jurisdiction over an arbitration dispute involving a non-signatory to an agreement governed by the New York Convention. Sarhank Group v. Oracle Corp., 404 F.3d 657 (2d Cir. 2005). The Court of Appeals reasoned that whether a non-signatory should be bound by an arbitration agreement "depends entirely upon . . . the merits of the case, and . . . does not involve a lack of subject matter jurisdiction . . ." Id. at 660. The court explained that "[w]hen a party

challenges the court's subject matter jurisdiction based upon the merits of the case, that party is merely arguing that the adversary has failed to state a claim." Id.

12.    Specifically, this Court has held that Section 205 of the FAA permits removal of a petition by a non-signatory to stay arbitration pursuant to Rule 7503 of the New York Civil Practice Law and Rules—the provision of New York law petitioners invoked in this action. See Republic of Ecuador v. ChevronTexaco Corp., 376 F. Supp. 2d 334, 349-50 (S.D.N.Y. 2005).

## III.    Grounds for Removal and Jurisdiction on the Basis of Diversity

13.    Section 1332 of Title 28 of the United States Code provides federal district courts original jurisdiction over all civil actions between "citizens of a State and citizens or subjects of a foreign state," where the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a)(2).  The respondents in this action are citizens of foreign states.  Accordingly, to the extent that the partners or members of the petitioners are not citizens or subjects of foreign states, this Court has original jurisdiction over this action.

### A.    Citizenship of Respondents

14.    Respondent GTI is organized under the laws of Brazil with its principal place of business in São Paulo, Brazil.

15.    Respondent ICC is organized under the laws of France with its Secretariat located in Paris, France.

### B.    Citizenship of Petitioners

16.    Petitioner MatlinPatterson Global Opportunities Partners II L.P. is a limited partnership organized under the laws of the State of Delaware with its principal place of business in the State of New York.  (Petition ¶ 6.)

17.    Petitioner MatlinPatterson Global Opportunities Partners (Cayman) II L.P. is a limited partnership organized under the laws of the Cayman Islands with its principal place of business in the State of New York.  (Petition ¶ 7.)

18.    Petitioner Volo Logistics LLC is a limited liability company organized under the laws of the State of Delaware with its principal place of business in the State of New York. (Petition ¶ 8.)

19.    For purposes of diversity jurisdiction, a limited partnership has the citizenship of each of its general and limited partners.  See Handelsman v. Bedford Village Assocs., Ltd., 213 F.3d 48, 51–52 (2d Cir. 2000).  Likewise, a limited liability company has the citizenship of each of its members.  See id.

20.    GTI has attempted, in good faith, to determine the partners and the members of each petitioner.  Yet, GTI has been unable to conclusively identify the partners and the members of each petitioner or the citizenship of the partners and members of each petitioner.  Therefore, pursuant to Rule 81.1 of the Local Rules of the United States District Court for the Southern District of New York, GTI states that the partners of MatlinPatterson Global Opportunities Partners II L.P. and MatlinPatterson Global Opportunities Partners (Cayman) II L.P. and the members of Volo Logistics LLC are unknown.  Further pursuant to Rule 81.1, petitioners must file a statement, which includes the identity and citizenship of each of the partners and members of each petitioner, with the clerk of the district court within twenty days of the removal of this action.

C.    **Amount in Controversy**

21.    "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."  Correspondent Servs. Corp. v. First Equities Corp. of Fla., 442 F.3d 767, 769 (2d Cir. 2006) (quoting Hunt v. Washington State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977)).  The Second Circuit has observed that "the amount in controversy is calculated from the plaintiff's standpoint; the value of the suit's intended benefit or the value of the right being protected or the injury being averted constitutes the amount in controversy when damages are not requested."  Id. (citation omitted).

6

22.    MP Funds seeks preliminary and permanent injunctions staying the ICC arbitration in which GTI seek a price adjustment of approximately R$164 million (Reais). (Petition at 9.)

23.    Upon information and belief, the value of the injury MP Funds seek to avert exceeds $75,000.

**IV.    Other Named Respondents**

24.    Respondent ICC has informed GTI that it has not been served and it takes no position regarding the removal of this action to this Court.

**V.    Venue**

25.    The United States District Court for the Southern District of New York is the district court to which this action may be removed, because it is the district "embracing the place where the action . . . is pending."  9 U.S.C. § 205; see also 28 U.S.C. § 1441.

**VI.    Notice of Removal**

26.    GTI will promptly file the appropriate notice and a copy of this Notice of Removal with the county clerk of the Supreme Court of the State of New York, County of New York, as required by Section 205 of the FAA and Section 1446 of Title 28 of the United States Code.

VII.    **Conclusion**

WHEREFORE, GTI respectfully requests that this action proceed in this Court as an action properly removed to it, and wholly subject to, and without waiver of, any of GTI's procedural and substantive rights, including, but not limited to, its right to arbitration under the Agreement.

Dated:    New York, New York
          May 19, 2008

SHEARMAN & STERLING LLP

By: _____
    Brian H. Polovoy
    Henry Weisburg
    Paula Howell

599 Lexington Avenue
New York, NY 10022-6069
Telephone: (212) 848-4000
Facsimile: (212) 848-7179
hweisburg@shearman.com

Attorneys for Respondent
GTI S.A.