Brian H. Polovoy
Henry Weisburg
Robert L. Whitener
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022-6069
Telephone: (212) 848-4000
Facsimile: (212) 848-7179
bpolovoy@shearman.com
hweisburg@shearman.com

Attorneys for Respondent
GTI S.A.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x

| | | |
|---|---|---|
| MatlinPatterson Global Opportunities Partners II L.P., MatlinPatterson Global Opportunities Partners (Cayman) II L.P., and Volo Logistics LLC, | : : : : : | |
| Petitioners, | : : | No. 08 CV 4697 (RJH) |
| v. | : : | ECF Case |
| GTI S.A. and The ICC International Court of Arbitration of the International Chamber of Commerce, | : : : : | **ANSWER AND DEFENSES** |
| Respondents. | : : | |

----------------------------------------------------------x

Respondent GTI S.A. ("GTI"), by its attorneys, Shearman & Sterling LLP, hereby responds to the allegations in the Petition to Stay Arbitration Pursuant to Article 75 of the CPLR dated April 17, 2008 (the "Petition") as follows:

INTRODUCTION

1.\.  GTI admits that GTI, Varig Logística S.A., and Volo do Brasil S.A. executed the Agreement for Purchase and Sale of the Share Control of VRG Linhas Aéreas S.A. and Other Covenants dated March 28, 2007 (the "Agreement").  GTI respectfully refers the Court to the Agreement for the contents thereof.

2.\.  GTI admits that Varig Logística S.A., Volo do Brasil S.A., VRG Linhas Aéreas S.A., GTI, and Gol Linhas Aéreas Inteligentes S.A. signed the Agreement.

3.\.  GTI denies the allegations in paragraph 3, except admits that petitioners MatlinPatterson Global Opportunities Partners II L.P. and MatlinPatterson Global Opportunities Partners (Cayman) II L.P. (collectively, "MP Funds") and Volo Logistics LLC ("Volo LLC") did not sign the Agreement in their own names.

4.\.  GTI admits that it submitted a Request for Arbitration, dated December 27, 2007, to the International Court of Arbitration of the International Chamber of Commerce (the "ICC") and named Varig Logística S.A., Volo do Brasil S.A., Volo LLC, and MP Funds as respondents therein.  GTI respectfully refers the Court to the Request for Arbitration for the contents thereof.  GTI denies the remaining allegations in paragraph 4.

5.\.  To the extent that the allegations in paragraph 5 set forth legal conclusions, they do not require a response.  GTI denies the remaining allegations in paragraph 5.

PARTIES

6.\.  GTI denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6.

7. GTI denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7.

8. GTI denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9. GTI admits that it is organized under the laws of Brazil with its principal place of business at Rua Tamoios, n° 246, Jardim Aeroporto, CEP 04630-000, São Paulo, Brazil.

10. GTI denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.

## JURISDICTION AND VENUE

11. GTI admits that this Court has subject-matter jurisdiction over this action pursuant to Sections 203 and 205 of the Federal Arbitration Act (the "FAA"), 9 U.S.C. §§ 203, 205. GTI denies the remaining allegations in paragraph 11.

12. GTI denies the allegations in paragraph 12.

## FACTS ENTITLING PETITIONER TO RELIEF

A.   The Relationship Among The Relevant Entities

13. GTI denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13.

14. GTI denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14.

15. GTI denies the allegations in paragraph 15.

B.   Petitioners Are Not Parties To The Agreement

16. GTI respectfully refers the Court to the Request for Arbitration for the contents thereof and otherwise denies the allegations in paragraph 16.

17. GTI admits that MP Funds and Volo LLC negotiated the Agreement with GTI. GTI further admits that Varig Logística S.A., Volo do Brasil S.A., VRG Linhas Aéreas S.A., GTI, and Gol Linhas Aéreas Inteligentes S.A. signed the Agreement. GTI respectfully refers the Court to the Agreement for the contents thereof and otherwise denies the remaining allegations in paragraph 17.

18. GTI denies the allegations in paragraph 18, except admits that petitioners MP Funds and Volo LLC did not sign the Agreement in their own names.

19. GTI respectfully refers the Court to the Agreement for the contents thereof and otherwise denies the allegations in paragraph 19.

20. GTI denies the allegations in paragraph 20, except admits that it is seeking a price-adjustment pursuant to the terms of the Agreement, which is among the claims it asserts in arbitration before the ICC. GTI respectfully refers the Court to the Agreement for the contents thereof.

C.   GTI Files A Request For Arbitration

21. GTI respectfully refers the Court to the Agreement for the contents thereof.

22. GTI admits that it submitted a Request for Arbitration, dated December 27, 2007, to the ICC and named Varig Logística S.A., Volo do Brasil S.A., Volo LLC, and MP Funds as respondents therein. GTI respectfully refers the Court to the Request for Arbitration for the contents thereof.

23. GTI respectfully refers the Court to the Request for Arbitration for the contents thereof and otherwise denies the allegations in paragraph 23.

24. GTI respectfully refers the Court to the Request for Arbitration for the contents thereof and otherwise denies the allegations in paragraph 24.

D. The MP Funds And Volo Object to Arbitration

25. GTI denies the allegations in paragraph 25 and states that the ICC appointed the arbitral tribunal on May 16, 2008.

26. GTI admits that petitioners MP Funds and Volo LLC have objected to the arbitrability of the claims asserted against them in the Request for Arbitration. GTI further admits that the ICC has determined that GTI has established a prima facie case that MP Funds and Volo LLC may be bound by the arbitration agreement and that the arbitral tribunal will determine the scope of its own authority. GTI states that petitioners MP Funds and Volo LLC answered the Request for Arbitration on May 2, 2008. GTI denies the remaining allegations in paragraph 26.

27. GTI admits that petitioners MP Funds and Volo LLC are seeking to stay the arbitration before the ICC as to them and otherwise denies the allegations of paragraph 27.

E. The MP Funds And Volo Are Likely To Succeed On The Merits

28. GTI denies the allegations in paragraph 28, except admits that petitioners MP Funds and Volo LLC did not sign the Agreement in their own names.

29. To the extent that the allegations in paragraph 29 set forth legal conclusions, they do not require a response. GTI denies the remaining allegations in paragraph 29.

30. GTI denies the allegations in paragraph 30, except admits that Volo LLC has filed lawsuits against Volo do Brasil S.A. and Varig Logística S.A. in New York and Brazil.

31. GTI denies the allegations in paragraph 31.

F.	Irreparable Injury To The MP Funds And Volo

32.	GTI denies the allegations in paragraph 32, except admits that it submitted a Request for Arbitration, dated December 27, 2007, to the ICC and named Varig Logística S.A., Volo do Brasil S.A., Volo LLC, and MP Funds as respondents therein.

33.	To the extent that the allegations in paragraph 33 set forth legal conclusions, they do not require a response.  GTI denies the remaining allegations in paragraph 33.

34.	To the extent that the allegations in paragraph 34 set forth legal conclusions, they do not require a response.  GTI states that petitioners MP Funds and Volo LLC responded to the Request for Arbitration on May 2, 2008.  GTI denies the remaining allegations in paragraph 34.

G.	The Balance Of Hardships

35.	To the extent that the allegations in paragraph 35 set forth legal conclusions, they do not require a response.  GTI denies the remaining allegations in paragraph 35.

36.	To the extent that the allegations in paragraph 36 set forth legal conclusions, they do not require a response.  GTI denies the remaining allegations in paragraph 36.

37.	To the extent that the allegations in paragraph 37 set forth legal conclusions, they do not require a response.  GTI denies the remaining allegations in paragraph 37.

## AS AND FOR PETITIONERS' CAUSE OF ACTION
### (Stay Of Arbitration Under CPLR § 7503(b))

38. GTI repeats and incorporates its answers to each and every allegation in paragraphs 1 through 37 as if set forth fully herein.

39. GTI denies the allegations in paragraph 39.

40. To the extent that the allegations in paragraph 40 set forth legal conclusions, they do not require a response. GTI denies the remaining allegations in paragraph 40.

41. To the extent that the allegations in paragraph 41 set forth legal conclusions, they do not require a response. GTI denies the remaining allegations in paragraph 41.

Respondent GTI denies each and every allegation of the Petition not specifically admitted herein.

WHEREFORE, respondent GTI denies that petitioners MP Funds and Volo LLC are entitled to any relief whatsoever and respectfully requests judgment dismissing the Petition with prejudice and with costs and attorneys' fees, as allowed by law, and such other relief as the Court deems appropriate.

## DEFENSES

Without assuming any burden of proof or persuasion that it would not otherwise bear, GTI also asserts the following additional defenses:

### First Defense

This Court lacks personal jurisdiction over GTI.

### Second Defense

The Petition should be dismissed because of insufficient process and insufficient service of process.

### Third Defense

The Petition fails to state a claim upon which relief can be granted.

### Fourth Defense

This Court should refer this action to arbitration before the ICC, because, in this case, arbitrability is properly determined by the arbitral tribunal.

### Fifth Defense

Petitioners' claim is barred by the doctrine of estoppel.

### Sixth Defense

Petitioners' claim is barred by their own fraudulent conduct.

### Seventh Defense

Petitioners' claim is barred by their own illegal conduct in violation of Brazilian law.

### Eighth Defense

Petitioners' claim is barred by the doctrine of laches.

### Ninth Defense

Petitioners' claim is barred because petitioners are alter egos of the signatories to the Agreement, dominated and controlled the signatories to the Agreement, otherwise disregarded the corporate form, or the corporate veil between petitioners and the signatories to the Agreement should be pierced.

<u>Defenses Reserved</u>

The foregoing defenses are raised by GTI without waiver of any other defenses that may come to light during the discovery proceedings in this case or otherwise. GTI hereby reserves the right to amend its Answer to assert any other related defenses as they become available.

Dated:   New York, New York
         June 12, 2008

                              SHEARMAN & STERLING LLP

                              By: /s/ Brian H. Polovoy
                                  Brian H. Polovoy
                                  Henry Weisburg
                                  Robert L. Whitener

                              599 Lexington Avenue
                              New York, NY 10022-6069
                              Telephone: (212) 848-4000
                              Facsimile: (212) 848-7179
                              bpolovoy@shearman.com
                              hweisburg@shearman.com

                              Attorneys for Respondent
                              GTI S.A.